1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MALKIYAT SINGH,                          No.  2:19-cv-2054 DB

12                 Plaintiff,

13        v.                                   ORDER

14    ANDREW SAUL, Commissioner of Social
      Security,
15

16                 Defendant.

17

18        This social security action was submitted to the court without oral argument for ruling on

19   plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1]

20   Plaintiff's motion argues that the Appeals Councils' rejection of new evidence, the

21   Administrative Law Judge's step two finding, the Residual Functional Capacity determination,

22   and the Administrative Law Judge's treatment of the lay testimony constituted error.

23        For the reasons explained below, plaintiff's motion is granted, the decision of the

24   Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for

25   further proceedings.

26   ////

27
      _____
28   [1] Both parties have previously consented to Magistrate Judge jurisdiction over this action
     pursuant to 28 U.S.C. § 636(c).  (See ECF No. 21.)

1

**PROCEDURAL BACKGROUND**

2      In July of 2016, plaintiff filed an application for Disability Insurance Benefits ("DIB")

3  under Title II of the Social Security Act ("the Act"), alleging disability beginning on December 1,

4  2015. (Transcript ("Tr.") at 16, 221-22.) Plaintiff's alleged impairments included depression,

5  insomnia, memory problems, diabetes, high blood pressure, high cholesterol, back pain,

6  headaches, and hearing problems. (Id. at 239.) Plaintiff's application was denied initially, (id. at

7  151-55), and upon reconsideration. (Id. at 159-64.)

8      Plaintiff requested an administrative hearing and a hearing was held before an

9  Administrative Law Judge ("ALJ") on June 19, 2018. (Id. at 94-118.) Plaintiff was represented

10  by an attorney and testified at the administrative hearing. (Id. at 94-97.) In a decision issued on

11  September 12, 2018, the ALJ found that plaintiff became disabled on June 25, 2018. (Id. at 27.)

12  The ALJ entered the following findings:

13
14
> 1. The claimant meets the insured status requirements of the Social
> Security Act through December 31, 2018.

15
> 2. The claimant has not engaged in substantial gainful activity
> since the alleged onset date (20 CFR 404.1571 *et seq.*).

16
17
18
> 3. Since the alleged onset date of disability, December 1, 2015, the
> claimant has had the following severe impairments: degenerative
> disc disease of the lumbar spine, diabetes, headaches, hypertension,
> depression and anxiety (20 CFR 404.1520(c)).

19
20
21
> 4. Since the alleged onset of disability, December 1, 2015, the
> claimant has not had an impairment or combination of impairments
> that meets or medically equals the severity of one of the listed
> impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR
> 404.1520(d), 404.1525, and 404.1526).

22
23
24
25
> 5. After careful consideration of the entire record, the undersigned
> finds that since December 1, 2015, the claimant has the residual
> functional capacity to perform light work as defined in 20 CFR
> 404.1567(b) involving frequent climbing of stairs, balancing,
> stooping and crouching. He can occasionally kneel, crawl and climb
> ladders/ropes/scaffolds. He can understand, remember, and carry out
> simple repetitive tasks with only occasional public contact.

26
> 6. Since December 1, 2015, the claimant has been unable to
> perform any past relevant work (20 CFR 404.1565).

27
28
> 7. Prior to the established disability onset date, the claimant was an
> individual closely approaching advanced age. Applying the age
> categories non-mechanically, and considering the additional

2

1

2

adversities in this case, on June 25, 2018, the claimant's age category changed to an individual of advanced age (20 CFR 404.1563).

3

8.  The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).

4

5

6

7

9.  Prior to June 25, 2018, transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.  Beginning on June 25, 2018, the claimant has not been able to transfer job skills to other occupations (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

8

9

10

10.  Prior to June 25, 2018, the date the claimant's age category changed, considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a).

11

12

13

11.  Beginning on June 25, 2018, the date the claimant's age category changed, considering the claimant's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that the claimant could perform (20 CFR 404.1560(c) and 404.1566).

14

15

12.  The claimant was not disabled prior to June 25, 2018, but became disabled on that date and has continued to be disabled through the date of this decision (20 CFR 404.1520(g)).

16

(Id. at 18-26.)

17

On August 9, 2019, the Appeals Council denied plaintiff's request for review of the ALJ's

18

September 12, 2018 decision.  (Id. at 1-5.)  Plaintiff sought judicial review pursuant to 42 U.S.C.

19

§ 405(g) by filing the complaint in this action on October 12, 2019.  (ECF. No. 1.)

20

**LEGAL STANDARD**

21

"The district court reviews the Commissioner's final decision for substantial evidence,

22

and the Commissioner's decision will be disturbed only if it is not supported by substantial

23

evidence or is based on legal error."  Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012).

24

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to

25

support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v.

26

Chater, 108 F.3d 978, 980 (9th Cir. 1997).

27

"[A] reviewing court must consider the entire record as a whole and may not affirm

28

simply by isolating a 'specific quantum of supporting evidence.'"  Robbins v. Soc. Sec. Admin.,

3

1   466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.

2   1989)).  If, however, "the record considered as a whole can reasonably support either affirming or

3   reversing the Commissioner's decision, we must affirm."  McCartey v. Massanari, 298 F.3d 1072,

4   1075 (9th Cir. 2002).

5        A five-step evaluation process is used to determine whether a claimant is disabled. 20

6   C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step

7   process has been summarized as follows:

8
9        Step one:  Is the claimant engaging in substantial gainful activity?  If
   so, the claimant is found not disabled.  If not, proceed to step two.

10       Step two:  Does the claimant have a "severe" impairment?  If so,
   proceed to step three.  If not, then a finding of not disabled is
   appropriate.

11

12       Step three:  Does the claimant's impairment or combination of
   impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404,
   Subpt. P, App. 1?  If so, the claimant is automatically determined

13  disabled.  If not, proceed to step four.

14       Step four:  Is the claimant capable of performing his past work?  If
   so, the claimant is not disabled. If not, proceed to step five.

15

16       Step five:  Does the claimant have the residual functional capacity to
   perform any other work?  If so, the claimant is not disabled.  If not,
   the claimant is disabled.

17

18  Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

19       The claimant bears the burden of proof in the first four steps of the sequential evaluation

20  process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden

21  if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094,

22  1098 (9th Cir. 1999).

23                        **APPLICATION**

24       Plaintiff's pending motion asserts the following four principal claims: (1) the Appeals

25  Council erred by failing to properly consider new evidence; (2) the ALJ erred at step two of the

26  sequential evaluation; (3) the ALJ's Residual Functional Capacity determination was erroneous;

27  ////

28  ////

4

1  and (4) the ALJ's treatment of the lay testimony constituted error.  (Pl.'s MSJ (ECF No. 14) at 7-

2  14.[2])

3  **I.      New Evidence**

4       On May 29, 2018, Dr. Xiannan Tang examined plaintiff and found that plaintiff displayed

5  "mild, moderate, resting tremor, postural tremor, 'pill-rolling', rapid, present in the upper

6  extremities."[3]  (Tr. at 90.)  Dr. Tang reviewed an MRI of plaintiff's brain and found

7  "Parkinsonism" based on "frontal lobe atrophy."  (Id. at 90.)  Dr. Tang "suspected [plaintiff] may

8  have some sort of CNS degeneration" based on plaintiff's "MDD, anxiety and insomnia[.]"  (Id.)

9       Dr. Tang's treatment records could not be obtained prior to the June 19, 2018 hearing and

10  were not before the ALJ.  (Tr. at 299.)  The evidence, however, was submitted to the Appeals

11  Council.  In evaluating plaintiff's notice of appeal, the Appeals Council found that this evidence

12  did "not show a reasonable probability that it would change the outcome of the decision."  (Id. at

13  2.)

14             While Dr. Tang's findings were not before the ALJ,

15             … when a claimant submits evidence for the first time to the
            Appeals Council, which considers that evidence in denying review
16           of the ALJ's decision, the new evidence is part of the administrative
            record, which the district court must consider in determining
17           whether the Commissioner's decision is supported by substantial
            evidence.

18

19  Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1163 (9th Cir. 2012); see also

20  Gardner v. Berryhill, 856 F.3d 652, 656 (9th Cir. 2017) ("district court recognized that . . . it had

21  to determine whether the ALJ's finding of nondisability was supported by substantial evidence in

22  the entire record—including any new evidence in the administrative record that the Appeals

23  Council considered—not just the evidence before the ALJ").

24

    ////
25

26  [2] Page number citations such as this one are to the page number reflected on the court's CM/ECF
    system and not to page numbers assigned by the parties.
27

28  [3] Pill-rolling "is an involuntary movement . . . consistent with Parkinson's."  Banahan v. Colvin,
    No. 14 C 682, 2015 WL 1061649, at *3 (N.D. Ill. Mar. 4, 2015).

1    Here, the ALJ rejected plaintiff's testimony based, in part, on the finding that plaintiff

2    reported "insomnia and headaches," but "[b]rain scan revealed no acute intracranial pathology

3    seen." (Tr. at 22.)  The ALJ also characterized the record as having "limited objective

4    findings[.]"  (Id. at 24.)  The record, however, now includes additional objective evidence finding

5    that plaintiff suffered from "Parkinsonism" based on "frontal lobe atrophy."  (Id. at 90.)

6    Since the new evidence in the administrative record directly undermines the basis of the

7    ALJ's decision, the court concludes that the Commissioner's decision was not supported by

8    substantial evidence.  Accordingly, for the reasons stated above, the court finds that the

9    Commissioner's decision is not supported by substantial evidence, and plaintiff is entitled to

10   summary judgment on this claim.

11                                  **CONCLUSION**

12   After having found error, "'[t]he decision whether to remand a case for additional

13   evidence, or simply to award benefits[,] is within the discretion of the court.'"[4]  Trevizo v.

14   Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232

15   (9th Cir. 1987)).  A case may be remanded under the "credit-as-true" rule for an award of benefits

16   where:

17           (1) the record has been fully developed and further administrative
             proceedings would serve no useful purpose; (2) the ALJ has failed to
18           provide legally sufficient reasons for rejecting evidence, whether
             claimant testimony or medical opinion; and (3) if the improperly
19           discredited evidence were credited as true, the ALJ would be
             required to find the claimant disabled on remand.
20

21   Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

22   Even where all the conditions for the "credit-as-true" rule are met, the court retains

23   "flexibility to remand for further proceedings when the record as a whole creates serious doubt as

24   to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at

25   _____
     [4] Given the ALJ's error, that correction of the error may alter the entirety of the ALJ's opinion,
26   and in light of plaintiff's request that this matter be remanded for further proceedings, the court
     finds it unnecessary to reach plaintiff's remaining claims of error.  See Morales v. Berryhill, 239
27   F.Supp.3d 1211, 1220 (E.D. Cal. 2017) ("In light of the remand for payment of benefits required
     by the resolution of the two claims addressed above, the court need not address plaintiff's third
28   claim for relief.").

                                         6

1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court

concludes that further administrative proceedings would serve no useful purpose, it may not

remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin.,

775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is

uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, this matter will be remanded further proceedings to allow the ALJ to reevaluate

plaintiff's claims in light of the evidence noted above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 17) is denied;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with the order; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated:  March 9, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\singh2054.ordd